IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

SANDRA LEE BROWN,                    :

     Petitioner,                     :
                          CIVIL ACTION 13-0148-CG-M
v.                                   :
                     CRIMINAL ACTION 11-00220-CG-M
UNITED STATES OF AMERICA,            :

     Respondent.                     :


REPORT AND RECOMMENDATION


Pending before the Court is Petitioner's Motion to Vacate,
Set Aside, or Correct Sentence under 28 U.S.C. § 2255 (Doc. 78).
This action was referred to the undersigned Magistrate Judge for
report and recommendation pursuant to 28 U.S.C. § 636(b) and
Rule 8(b) of the Rules Governing Section 2255 Cases.  It is now
ready for consideration.  The record is adequate to dispose of
this matter; no evidentiary hearing is required.  It is
recommended that Petitioner's Motion to Vacate (Doc. 78) be
denied, that this action be dismissed, and that judgment be
entered in favor of Respondent, the United States of America,
and against Petitioner Sandra Lee Brown.  It is further
recommended that any certificate of appealability filed by
Petitioner be denied as she is not entitled to appeal *in forma*

*pauperis.*

Brown was indicted on August 25, 2011 for (1) conspiracy to possess, with the intent to distribute, methamphetamine in violation of 21 U.S.C. § 846 (count one) and (2) two charges of possession, with the intent to distribute, methamphetamine in violation of 21 U.S.C. 841(a)(1) (counts three and four) (Doc. 1). On October 25, 2011, Brown pled guilty to conspiracy to possess, with the intent to distribute, methamphetamine (count one) (Doc. 43). On April 23, 2012, United States District Judge Granade sentenced Petitioner to forty-eight months imprisonment, thirty-six months of supervised release following her release from prison, and an assessment of one hundred dollars; on motion of the Government, counts three and four were dismissed (*see* Doc. 66). Petitioner filed no appeal (*see* Doc. 80, p. 2).

Petitioner filed her Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 on March 15, 2013 in which she raises the claim that her trial attorney rendered ineffective assistance (Doc. 78). Respondent filed a response on April 3, 2013 (Doc. 80); though given the opportunity to do so, Petitioner filed no reply (*see* Doc. 79).

Petitioner claims that her attorney rendered ineffective assistance in providing her incorrect information, leading her to enter a plea (Doc. 78, p. 4). Specifically, Brown asserts

2

that counsel told her that her sentence would be reduced by one

year after she successfully completed a prison drug treatment

program (*id.* at pp. 4-5).  However, after completing the

program, Brown has been denied the reduction because her

sentence was enhanced for having created "a substantial risk of

harm to the life of [a] minor" (*id.* at p. 5).

In *Strickland v. Washington*, 466 U.S. 668 (1984), the

United States Supreme Court defined the showing a habeas

petitioner must make to prevail on an ineffective assistance

claim:

> First, the defendant must show that
> counsel's performance was deficient.  This
> requires showing that counsel made errors so
> serious that counsel was not functioning as
> the "counsel" guaranteed the defendant by
> the sixth amendment.  Second, the defendant
> must show that the deficient performance
> prejudiced the defense.  This requires
> showing that counsel's errors were so
> serious as to deprive the defendant of a
> fair trial, a trial whose result is
> reliable.  Unless a defendant makes both
> showings, it cannot be said that the
> conviction . . . resulted from a breakdown
> in the adversary process that renders the
> result unreliable.

*Id*. at 687.  The Supreme Court, in *Hill v. Lockhart*, 474 U.S.

52, 58 (1985), held "that the two-part *Strickland v. Washington*

test applies to challenges to guilty pleas based on ineffective

assistance of counsel."  The *Hill* Court noted that, in the

guilty plea context, the first prong of the analysis was only "a

restatement of the standard of attorney competence" while the

second prong required a petitioner to show "that there is a

reasonable probability that, but for counsel's errors, he would

not have pleaded guilty and would have insisted on going to

trial."  *Hill*, 474 U.S. at 58.

In her petition, although Brown admits that the prison drug

treatment program "ma[d]e her life better" (Doc. 78, Memo, p.

2), she has not asserted—much less shown—that she would have

gone to trial if her attorney had informed her that she was not

going to get a year off of her sentence.  Petitioner must

demonstrate that if she had been given proper information by her

attorney, she would have gone to trial; she has failed to do so.

Brown's claim lacks merit because she has not satisfied *Hill*'s

requirement regarding *Strickland*'s second prong of prejudice.

Petitioner has raised a single claim in this petition.

That claim is without merit.  Therefore, it is recommended that

the petition be denied, that this action be dismissed, and that

judgment be entered in favor of Respondent, the United States of

America, and against Petitioner Sandra Lee Brown.

Furthermore, pursuant to Rule 11(a) of the Rules Governing

§ 2255 Cases, the undersigned recommends that a certificate of

appealability (hereinafter *COA*) in this case be denied.  28

U.S.C. foll. § 2255, Rule 11(a) ("The district court must issue

or deny a certificate of appealability when it enters a final

order adverse to the applicant").  The habeas corpus statute

makes clear that an applicant is entitled to appeal a district

court's denial of his habeas corpus petition only where a

circuit justice or judge issues a COA.  28 U.S.C. § 2253(c)(1).

A COA may issue only where "the applicant has made a substantial

showing of the denial of a constitutional right."  28 U.S.C. §

2253(c)(2).  When the merits of a claim are reached, a COA

should issue only when the petitioner demonstrates "that

reasonable jurists would find the district court's assessment of

the constitutional claims debatable or wrong."  *Slack v.

McDaniel*, 529 U.S. 473, 484 (2000).  Inasmuch as the Court has

found that Brown has failed to assert sufficient facts to

support a claim of constitutional error, "[t]he petitioner must

demonstrate that reasonable jurists would find the district

court's assessment of the constitutional claims debatable or

wrong."  *Slack*, 529 U.S. at 484.  It is suggested that

Petitioner will not be able to make that showing.


### CONCLUSION


It is recommended that Petitioner's petition for writ of

habeas corpus, filed pursuant to 28 U.S.C. § 2254, be denied. It is further recommended that any certificate of appealability filed by Petitioner be denied as she is not entitled to appeal *in forma pauperis*.

<u>NOTICE OF RIGHT TO FILE OBJECTIONS</u>

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); FED.R.CIV.P. 72(B); S.D. ALA. L.R.72.4. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

DONE this 13th day of August, 2013.

s/BERT W. MILLING, JR.
UNITED STATES MAGISTRATE JUDGE

6